UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | |
| | § | **EP-24-CR-410-DCG** |
| **LORENZO HERNANDEZ-MENDEZ,** | § | |
| | § | |
| *Defendant.* | § | |

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Before the Court is *pro se* Defendant Lorenzo Hernandez-Mendez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). In the Motion, Defendant also asks the Court to appoint counsel to represent him in connection with his motion. (ECF No. 39). The Government opposes the Motion. As explained below, however, Defendant has failed to exhaust his administrative remedies as Section 3582(c)(1)(A) requires. The Court therefore **DENIES** Defendant's Motion **WITHOUT PREJUDICE.**

### BACKGROUND

Defendant is currently serving a 30-month prison sentence for illegal entry in violation of 8 U.S.C. § 1326(a) and (b)(1). J. Crim. Case, ECF No. 36, at 1–2. The Court imposed this sentence on July 25, 2024. *Id* at 1. His projected release date is March 14, 2026. *See* Fed. Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Feb. 11, 2025).

On January 6, 2025, Defendant filed a Motion asking the Court to grant him compassionate release under § 3582(c)(1)(A) and to appoint him counsel. Mot. Compassionate Release, ECF No. 39, at 2–3. As will become important below, Defendant indicated in his Motion that he did not submit a request for compassionate release to the warden. *Id.* at 3.

On February 10, 2025, after seeking an extension to file a response, the Government opposed the Motion on several grounds. Resp. ECF No. 43, at 1. The Court need only address one of the Government's objections to Defendant's Motion for Compassionate Release—namely, that Defendant did not exhaust his administrative remedies before filing his Motion.

## DISCUSSION

### Appointment of Counsel

Defendant moves for the appointment of counsel in connection with his present Motion. Mot. Compassionate Release, ECF No. 39, at 2. In the context of 18 U.S.C. § 3582(c)(1)(A) motions, the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel. *See United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023); *see also United States v. Garza*, No. 24-40425, 2025 WL 429978, at *1 (5th Cir. Feb. 7, 2025).

While a defendant does not have a right to counsel in connection with his § 3582(c)(1)(A) motion, the Court may appoint counsel "in the interest of justice." *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008); *see also Diaz*, 2023 WL 1879404, at *3 (applying the interest of justice standard to the appointment of counsel for a § 3582(c)(1)(A) motion) (collecting cases). The Fifth Circuit has stated that "the interest of justice [does] not require the appointment of counsel" when the motion 'does not involve complicated or unresolved issues." *See United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)).

Here, the interests of justice do not warrant appointment of counsel. Defendant's Motion does not involve legal or factually complex issues. As discussed below, it presents a straightforward issue on whether Defendant exhausted his administrative remedies. Therefore, the Court finds that Defendant is not entitled to appointment of counsel.

**Compassionate Release**

Subject to a few exceptions, a federal court "may not modify a term of imprisonment once it has been imposed."  § 3582(c).  One such exception is "compassionate release" under § 3582(c)(1)(A) which permits a court to "reduce [a] term of imprisonment" upon a defendant's motion if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(a).  However, before a court can grant a defendant-filed compassionate release motion under § 3582(c)(1)(A), a defendant must first exhaust his available administrative remedies.  *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021).

A defendant exhausts the available administrative remedies—and thus may bring a motion for compassionate release on his own behalf—only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).  The Fifth Circuit has instructed that this administrative exhaustion requirement is mandatory.  *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("The statute's language is mandatory."); *id.* ("[18 U.S.C. § 3582(c)(1)(A)], in clear language, specifies what a defendant must do before she files a motion for compassionate release in federal court.").  Further, if the Government properly and correctly raises a defendant's failure to exhaust administrative remedies, the district court must enforce the requirement.  *Id.* (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019)); *see also United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Defendant has not complied with the statutory exhaustion requirement here.  Defendant concedes in his Motion that he did not submit a request for compassionate release to the warden.

Mot. Compassionate Release, ECF No. 39, at 3.  Defendant therefore fails to meet his exhaustion requirement.  Because Defendant was required to exhaust his administrative avenues before filing his Motion for Compassionate Release, and he has failed to do so, the Court does not consider whether he can satisfy the other prerequisites for compassionate release.  *See, e.g.*, *United States v. Abdullah*, No. CR17-0291, 2023 WL 8449507, at *2 (W.D. Wash. Dec. 6, 2023) (remarking that because the defendant had "not exhausted his administrative remedies," the court did not need to "address whether he ha[d] established extraordinary and compelling reasons for a sentence reduction, whether such a reduction [would be] consistent with the policy statements of the Sentencing Commission, or whether a reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a)").

## CONCLUSION

The Court **DENIES** Defendant's Motion for Compassionate Release (ECF No. 39) **WITHOUT PREJUDICE.**  By denying Defendant's Motion without prejudice, the Court permits Defendant to file a subsequent motion for compassionate release in the event he can satisfy the exhaustion requirement.

**The Clerk of Court SHALL MAIL this Order to Defendant.**

**So ORDERED and SIGNED this 11th day of February 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**